IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-02064-MSK-BNB

ROGER R. HERNANDEZ

Plaintiff,

v.

M. BANULOS,
WHITTNY, F.N.U.,
CASTRO-HESS, F.N.U., and
HUTCHISON, F.N.U.,

Defendants.

**ORDER**

This matter arises on the following motions filed by the plaintiff on November 4, 2011:

1. **Motion to Re-consider to Preserve Evidence and Depose of Federal Prison Staff Witnesses**[1] [Doc. #24]; and

2. **Motion for Re-consideration to Obtain Pro-Bono Legal Assistance to Represent Plaintiff's Case** [Doc. #25].

The Motions are DENIED.

As a preliminary matter, the Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." Hatfield v. Board of County Commissioners for Converse County, 52 F.3d 858, 861 (10th Cir. 1995). A motion for reconsideration is construed by the courts in one of two ways: (1) if the motion is filed within ten days of the district court's entry of judgment, the

---

[1] I have quoted the plaintiff's filings as written, without correction or acknowledgment of error.

motion is treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e); and (2) if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under Fed.R.Civ.P. 60(b).  Id.  Judgment has not been entered in this case.  Therefore, a motion to reconsider is inappropriate.

The plaintiff filed his Prisoner Complaint on August 8, 2011 [Doc. #1] (the "Complaint").  At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated by the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado ("USP").

On October 21, 2011, the plaintiff filed a motion [Doc. #16] requesting that the court order the Warden of USP to preserve video surveillance tapes of the Special Housing Unit from March 12, 2010, to March 16, 2010, for use in this case.  I denied the motion [Doc. #20] stating:

> The Warden is not a party to the case.  Therefore, the court does not have jurisdiction over the Warden.  In addition, the plaintiff does not explain the relevance of the tapes to his claims, nor does he demonstrate that he has attempted to exhaust available internal prison remedies to preserve the tapes.  Finally, the plaintiff has not explained the 19 month delay in seeking to preserve the evidence, and it is likely that the tapes have already been recycled.

The plaintiff now requests that I reconsider my order, and he states that he seeks tapes from February 12, 2010, to March 16, 2010.  He summarily states that the tapes "will show plaintiff did anything wrong to receive such abuse."  This statement does not demonstrate that video surveillance tapes of the Special Housing Unit from February 12, 2010, through March 16, 2010, are relevant to his claims.

Moreover, he requests that the court "ask captain at U.S. Penitentiary" to "preserve and collect" the tapes.  The Federal Rules of Civil Procedure provide that a request for a court order

must "state with particularity the grounds for seeking the order" and must "state the relief sought." Fed. R. Civ. P. 7(b)(1)(B) and (C). The plaintiff does not identify the "captain" by name. The Complaint identifies defendant Hutchinson as a captain. *Complaint*, p. 5. To the extent the plaintiff is asking the court to require Hutchinson to preserve the tapes, Hutchinson has only recently been served and has not yet entered an appearance in this case.

Finally, the law imposes on litigants a duty to preserve evidence that is relevant to imminent or ongoing litigation. Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 620 (D.Colo. 2007). The plaintiff is requesting what the law already requires.

The plaintiff also requests that I reconsider my denial of his request to depose defendants and non-parties. I denied the request [Doc. #20] as follows:

> The plaintiff does not specifically request that the court pay for the costs of the requested depositions, although he is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. To the extent the plaintiff is asking the court to pay the costs of the requested depositions, I will consider the plaintiff's request only if I am satisfied that the request is reasonable. See Burgess v. Andrews, 657 F. Supp. 1153, 1157 (W.D. N.C. 1987).
>
> The plaintiff does not demonstrate that he is unable to obtain relevant and necessary information through written discovery. Additionally, insofar as the plaintiff seeks to obtain discovery from the defendants, a Scheduling Conference has not been held and discovery has not commenced. Therefore, the request is premature.

The plaintiff merely repeats his request for leave to depose the individuals. He does not address any of the above-stated concerns.

Finally, the plaintiff requests that I reconsider my order [Doc. #19] denying his motion for appointment of counsel [Doc. #15]. The plaintiff does not provide any basis to direct the Clerk of the Court to obtain counsel for the plaintiff.

IT IS ORDERED:

1. The Motions are DENIED; and

2. The Clerk of the Court is directed to mail a copy of this order to Kevin Traskos, Assistant United States Attorney, 1225 17th Street, Suite 700, Denver, CO 80202.

Dated November 21, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge