**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 11-cv-02064-MSK-BNB

**ROGER R. HERNANDEZ**

    Plaintiff,

v.

**M. BANULOS,
WHITTNY, F.N.U.,
CASTRO-HESS, F.N.U., and
HUTCHISON, F.N.U.,**

    Defendants.

_____

**OPINION AND ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANTS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss **(# 39)**, Mr. Hernandez's response **(# 42)**, and the Defendants' reply **(# 44)**; and Mr. Hernandez's Motion for Summary Judgment **(# 44)**, and the Defendants' response **(# 45)**.

**FACTS**

An extensive recitation of the contents of Mr. Hernandez's Amended Complaint **(# 4)** is largely unnecessary for purposes of the instant motions. It is sufficient to note that Mr. Hernandez, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), brings *Bivens* claims alleging that the Defendants deprived him of constitutional and other rights by, among other things, denying him appropriate medical care, retaliating against him for making complaints about the treatment he received, and housing him in a cell with inadequate sanitary facilities.

1

The issue presented here concerns Mr. Hernandez's compliance with 42 U.S.C. §1997e(a), which requires inmates to exhaust all administrative remedy programs that exist prior to commencing suit. The BOP maintains a four-step administrative remedy process,[1] but both Mr. Hernandez's Amended Complaint and materials submitted by the Defendants in conjunction with their motion to dismiss **(# 39)** indicate that Mr. Hernandez completed only the first two steps of the BOP grievance procedure with regard to the claims at issue here. Mr. Hernandez's response **(# 42)** to the motion insists that "all administrative remedies were, and are, exhausted in accordance with [§ 1997e(a)]," but he does not attach supporting documentation or otherwise elaborate. Some clarification of Mr. Hernandez's position can be gleaned from his own motion for summary judgment **(# 44)**, in which he appears to assert that the Defendants "thwart[ed]" his attempts to complete the grievance procedure by "fail[ing] to deliver the Warden's answer [to the step 2 grievance] in a timely manner so that by the time the inmate receives that answer, the inmate is already 'timely barred' and the inmate's [step 3 appeal] is rejected" as untimely.

On July 31, 2012, this Court issued an Order **(# 51)** advising the parties that the Motion to Dismiss would be converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and giving them opportunity to submit matters outside the pleadings. The Court also advised Mr. Hernandez that, upon an initial review of his summary judgment motion, it appeared that the material facts were not in dispute and that judgment was likely to be granted against him

---

[1] Specifically, an inmate must first attempt informal resolution of the issue with BOP staff. 28 C.F.R. § 542.13(a). The second step requires the inmate to file a formal written grievance, on a form known as a "BP-9." 28 C.F.R. § 542.14. If that grievance is denied, the inmate must timely initiate step 3 by filing an appeal to the BOP Regional Director on a form known as a "BP-10." 28 C.F.R. § 542.15(a). Finally, an inmate must complete step 4 by timely appealing an adverse step 3 determination to the BOP General Counsel. 28 C.F.R. § 542.15(a).

pursuant to Rule 56(f)(1). Through this notice, both parties were granted until August 20, 2012 to submit any additional evidentiary material they wished to have considered. That date has passed and neither party submitted any additional materials.

## ANALYSIS

### A. Standard of review

Ascertaining the appropriate standard of review to be applied to the motions here requires some analysis. Although § 1997e(a) requires the exhaustion of administrative remedies prior to suit, that requirement is not jurisdictional in nature; rather, it is in the nature of an affirmative defense belonging to the Defendants, and Mr. Hernandez is not required to plead any facts relating to exhaustion as part of his Amended Complaint. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). Occasionally, the face of the plaintiff's pleading will itself establish the applicability of an affirmative defense, in which case, judgment on that defense may be sought by means of a Rule 12 motion. *Id.* at 215. Otherwise, the applicability of the defense must be established via evidentiary submissions, appropriate only on a motion under Rule 56.

Here, the Defendants sought judgment pursuant to Rule 12, but in doing so, submitted an affidavit from the BOP's custodian of records. Except in certain circumstances that the Court finds inapplicable here,[2] the Court does not consider Rule 12 motions that rely upon evidentiary submissions; instead, such motions must be converted to Rule 56 motions, with adequate notice

---

[2] The Court rejects the Defendants' argument that it is appropriate to consider the affidavit from the BOP's records custodian under the exception that extrinsic documents may be considered on a Rule 12 motion if they are referenced in the complaint and central to the plaintiff's claim. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Because, as noted above, exhaustion is an affirmative defense belonging to the Defendants, not a substantive part of Mr. Hernandez's claims, any allegations Mr. Hernandez might make in the Amended Complaint about his attempts at exhaustion would be simple surplusage.

to the parties. Fed. R. Civ. P. 12(d); *Christiensen v. Big Horn County*, 374 Fed.Appx. 821, 826 (10th Cir. 2010) (unpublished). As noted above, the Court has now given such notice to the parties, and thus, adjudicates the Defendants' motion as being one for summary judgment under Rule 56.

However, Mr. Hernandez has simultaneously and separately moved for summary judgment on the Defendants' affirmative defense of exhaustion, and the Defendants have responded by submitting the same affidavit that supported their Rule 12 motion. Where a summary judgment motion reveals a lack of disputed material facts and demonstrates that judgment should be entered in favor of the non-movant, the Court may enter such judgment only after giving the parties notice of its intention to do so and an opportunity to respond. Fed. R. Civ. P. 56(f)(1). As noted above, the Court has given Mr. Hernandez such notice and an opportunity to offer any additional evidentiary material relating to the issue.

Accordingly, for the reasons set forth below, the Court finds it appropriate to consider only Mr. Hernandez's summary judgment motion, denying the Defendants' motion to dismiss (construed as a motion for summary judgment) as redundant. Summary judgment is appropriate when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so

contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002). However, here, the Court believes that judgment against Mr. Hernandez is warranted on the record, and thus, the Court has construed the evidence in the light most favorable to him.

Mr. Hernandez appears *pro se*, and thus, the Court reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Hernandez of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat him according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

**B. Exhaustion**

As discussed above, an inmate is required to fully exhaust available administrative remedies before commencing suit. 42 U.S.C. § 1997e(a). Exhaustion is required even when the inmate believes that the administrative remedy process is inappropriate to the claims being asserted or otherwise futile. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). Courts have recognized a limited exception to the exhaustion requirement where, by virtue of misconduct by prison officials obstructing an inmate's ability to

access the grievance procedure, the procedure is effectively rendered "unavailable" to the inmate. *Tuckel v. Grover*, 660 F.3d 1249, 1252-53 (10th Cir. 2011).

It appears to be undisputed that Mr. Hernandez did not fully exhaust the BOP's grievance procedure. Although it is not entirely clear from the record, it appears that Mr. Hernandez filed as many as four initial grievances with the BOP over the conditions of his confinement or the actions of staff members – grievances that arguably cover the conduct alleged in the claims herein. However, the Defendants have asserted, and Mr. Hernandez has not disputed, that none of those grievances were pursued through appellate stages 3 or 4 of the grievance procedure. Thus, the Defendants have made a *prima facie* showing that Mr. Hernandez has failed to adequately exhaust his claims.

In such circumstances, the burden shifts to Mr. Hernandez to come forward with evidence showing that the procedure was effectively rendered "unavailable" to him. *Tuckel*, 600 F.3d at 1254. To make such a showing, Mr. Hernandez must establish that both: (i) prison officials resorted to threats or intimidation that actually deterred him from lodging a grievance or pursuing a particular part of the grievance process (*e.g.* a subjective examination); and (ii) that the threat or intimidation would have deterred a reasonable inmate of ordinary firmness from doing the same (*e.g.* an objective examination). *Id.*

Mr. Hernandez immediately runs into several problems. First, and perhaps most importantly, Mr. Hernandez's summary judgment motion does not allege that the reason he failed to pursue the step 3 and step 4 phases of his grievances was the result of threats or intimidation from BOP staff. Rather, to the extent any explanation is offered for his failure to pursue the appeals, his motion appears to indicate that he did not do so because BOP staff

delayed delivering the determinations on his step 2 grievances in order to ensure that his step 3 and 4 appeals would be denied as untimely. The Court is not prepared to say that delays of this type constitute the type of behavior that cases like *Tuckel* recognize as rendering a grievance procedure "unavailable," particularly where the grievance procedure itself contains provisions permitting an extension of appeal deadlines where an inmate can demonstrate the existence of "a situation [which] prevented the inmate from submitting the request within the established time frame." 28 C.F.R. § 542.14(b); 28 C.F.R. § 542.15(a).

Second, the Court has some doubt that, on the record before it, Mr. Hernandez could assert a plausible contention that threats or intimidation by BOP staff actually deterred him from pursuing the grievance procedure. Although the Amended Complaint recites certain conduct that Mr. Hernandez contends the Defendants engaged in specifically to retaliate against him for filing earlier grievances, the record reflects that such conduct does not seem to have deterred Mr. Hernandez from filing subsequent grievances. For example, the Amended Complaint recites an extensive series of events occurring on or about March 12-13, 2010, in which the Defendants repeatedly called him a "cry baby," apparently as a result of his filing of earlier grievances, and then physically assaulted him. Such conduct did not subjectively deter Mr. Hernandez from filing further grievances, as the record indicates that he filed two new step 2 grievances (of uncertain content but falling within the general category of "complaints about staff") on March 22, 2010, only a week later. Mr. Hernandez does not detail, in the Amended Complaint or summary judgment motion, any events that occurred after March 22, 2010 that might explain why he felt too intimidated to pursue the steps 3 and 4 appeals of those grievances.

Moreover, the Defendants point out that, on or about April 20, 2010, Mr. Hernandez was

transferred from the Colorado BOP facility where the conduct at issue allegedly occurred to a BOP facility in Indiana. Thus, as of April 20, 2010, Mr. Hernandez was no longer subject to retaliation from the Defendants herein for pursuing his grievances, yet he still failed to do so. Admittedly, it appears that Mr. Hernandez's step 2 grievances were denied on or about March 22, 2010, and thus, the deadline for his step 3 appeal was on or about April 11 (20 days later, 28 C.F.R. § 542.15(a)), a date when he was still in the custody of the Defendants herein. But, as noted above, given the BOP grievance procedure's provision for extending deadlines where circumstances outside an inmate's control so warrant, the Court has some doubt that Mr. Hernandez's failure to pursue the grievances after his April 20 transfer would permit him to establish the subjective element.

The Court also has some doubt as to whether Mr. Hernandez's description of the "retaliation" against him would be sufficient to establish the objective element of the *Tuckel* test in any event. *Tuckel* notes that allegations of retaliation for filing grievances "may overlap with the objective prong of our test." 660 F.3d at 1254. However, it notes that satisfying that objective test "presents a significant challenge in any context." *Id.* Here, even taken in the light most favorable to Mr. Hernandez, the acts of alleged retaliation against him for filing grievances consisted of being called "cry baby," "paper pusher," and "spic"; having the feeding slot on his cell "closed . . . using excessive pressure" while Mr. Hernandez's hand was in it, causing him "to scream in pain"; being denied immediate medical attention for the pain in his hand; being placed in a cell where the toilet and shower were not working; and being threatened with transfer to a facility where "he might not survive." Although these acts could give rise to new grievances, the Court is not prepared to say that these acts, individually or in concert, rise to the level that they

would dissuade an inmate of reasonable firmness from pursuing grievances over them.

Accordingly, the Court finds that the material facts relating to the question of exhaustion are undisputed, allowing the question of exhaustion to be resolved as a matter of law. Mr. Hernandez failed to exhaust the administrative remedies available to him, and thus, his claims are barred by 42 U.S.C. § 1997e(a).

## **CONCLUSION**

For the foregoing reasons, Mr. Hernandez's Motion for Summary Judgment **(# 44)** is **GRANTED**, insofar as the Court finds that the material facts are undisputed and that, as a matter of law, the Defendants are entitled to the entry of judgment in their favor due to Mr. Hernandez's failure to exhaust his available administrative remedies. The Defendants' Motion to Dismiss **(# 39)**, converted to a motion for summary judgment, is **DENIED AS MOOT**. The Clerk of the Court shall enter judgment in favor of the Defendants.

Dated this 2nd day of September, 2012

BY THE COURT:

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge